UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVELYN CAVAZZINI,

                                    Plaintiff,

                    -against-

NICOLE MARIE ALLISON and KLLM
TRANSPORT SERVICES, LLC,

                                    Defendants.

ANALISA TORRES, District Judge:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _01/08/2024_

23 Civ. 5430 (AT)

**ORDER**

Plaintiff, Evelyn Cavazzini, brings this personal injury action against Defendants Nicole

Marie Allison and KLLM Transport Services, LLC ("KLLM"), alleging that Cavazzini was injured

when Allison's motor vehicle collided with hers in the Bronx.  Compl., ECF No. 1-1.  Cavazzini filed

this action in Supreme Court, Bronx County, on February 28, 2023.  *Id.*  On June 26, 2023,

Defendants jointly removed the action to this Court on the basis of diversity jurisdiction under 28

U.S.C. § 1332.  ECF No. 1.  Cavazzini now moves to remand the action to state court.  ECF No. 11.[1]

Because Defendants' notice of removal was timely, the motion is DENIED.

A notice of removal of a civil action generally must be filed within thirty days of "receipt by

the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C.

§ 1446(b)(1).  Cavazzini contends that Defendants' June 26, 2023 notice of removal was untimely

because she (1) served both Defendants via personal service on the Secretary of State of New York

on March 13, 2023; (2) served Allison by certified mail to her last known residence on March 14,

2023; and (3) had her counsel forward a copy of the papers to Defendants' insurance adjuster.  Pl.

Mem. ¶¶ 4–5, 7, 15, ECF No. 12; *see* ECF No. 13-5.  Defendants argue that the removal clock did not

---

[1] Defendants filed their opposition to Cavazzini's remand motion one day late.  *See* ECF Nos. 9, 15, 19.  Given this
Circuit's "oft-stated preference for resolving disputes on the merits," however, the Court will exercise its discretion to
consider Defendants' arguments.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

begin until they—not the Secretary of State or their insurance adjuster—actually received the pleadings. Def. Opp. at 3, ECF No. 15. Defendants offer evidence, undisputed by Plaintiffs, that KLLM did not receive the summons and complaint until May 26, 2023, and that Allison (who moved addresses)[2] never received them at all. *Id.* at 2.

The Court agrees with Defendants. Courts in this Circuit have repeatedly held that when a plaintiff serves process on a defendant's statutory agent—here, the New York Secretary of State, *see* N.Y. L.L.C. Law § 303—"the thirty-day period for removal does not begin to run until the defendant[,] and not its statutory agent[,] receives notice that service has been made." *Carr v. Marriott Int'l, Inc.*, No. 11 Civ. 8186, 2012 WL 1075160, at *1 (S.D.N.Y. Mar. 30, 2012); *see also id.* (collecting cases); *Sw. Marine & Gen. Ins. Co. v. Main St. Am. Assurance Co.*, No. 21 Civ. 2714, 2021 WL 4441513, at *1 (S.D.N.Y. Sept. 28, 2021). In *Carr*, the court held that defendants did not receive the requisite notice until their registered agent "received a copy of the pleading from the Secretary of State." 2012 WL 1075160, at *1. Here, similarly, the Court finds that KLLM did not "receive notice" until the papers were delivered to its registered agent on May 26, 2023. *See* ECF No. 16-2. KLLM's deadline to file its notice of removal was, therefore, June 26, 2023, so its notice was timely.

Cavazzini notes that she also served Allison by certified mail on March 14, 2023. Even assuming that Allison received notice that day, such notice would not defeat removal. If multiple defendants are served at different times and a later-served defendant files a notice of removal, an "earlier-served defendant may consent to the removal even though that earlier-served defendant did

---

[2] Cavazzini questions whether complete diversity existed after Allison moved. Pl. Reply at ¶¶ 9–13, ECF No. 18. Diversity is determined at the time of removal. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Based on the sur-reply and amended removal notice filed by Defendants, the Court is satisfied that diversity existed at the time of removal between Cavazzini (a Delaware resident), KLLM (a Texas limited liability company with its principal place of business in Mississippi, whose members are all citizens of Mississippi), and Allison (then an Ohio resident). *See* ECF No. 1 at 2; ECF No. 22 ¶¶ 4–5; ECF No. 23 ¶¶ 2–3; ECF No. 25 ¶ 4.

2

not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).  In other words, Allison was entitled to sign on to KLLM's timely notice of removal, even if her own time to remove the action had lapsed.

Finally, Cavazzini argues that Defendants were otherwise on notice of the action because their insurance adjuster confirmed receipt of the summons and complaint via email on March 20, 2023.  Pl. Reply ¶ 6, ECF No. 18; *see also* ECF No. 13-5.  But "the mere receipt of these documents by Defendant's [insurance adjuster], unattended by formal service, does not start the removal period." *Silverman v. Citibank, N.A.*, No. 22 Civ. 5211, 2023 WL 2753055, at *3 (S.D.N.Y. Mar. 31, 2023); *accord Carr*, 2012 WL 1075160, at *1 n.2.  Cavazzini does not contend that Defendants agreed that an email to their insurance adjuster was sufficient to serve them; to the contrary, the emails Cavazzini submitted reflect that KLLM "ha[d] not been served" at the time.  ECF No. 13-5 at 8.  "[W]ithout a pre-existing basis for service by email," the copy emailed to the adjuster "was akin to a courtesy copy, which . . . does not start the clock for removal."  *Silverman*, 2023 WL 2753055, at *3 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–38 (1999)).

In conclusion, the Court finds that KLLM's 30-day removal window did not expire until June 26, 2023.  Because KLLM filed its notice of removal within that window, Defendants' notice was timely.  Cavazzini's motion to remand is, therefore, DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated: January 8, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge